UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES C. DANIELS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CIVIL NO. 2:10 cv 118 |
| | ) |
| UNITED STATES STEEL; LOCAL 1014 | ) |
| UNITED STEELWORKERS OF AMERICA | ) |
| District 31, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 19] filed by the defendant, United States Steel Corporation, on March 31, 2011. For the reasons set forth below, the motion is **GRANTED**.

Background

James C. Daniels was employed by United States Steel Corporation until he was terminated in November 2008, for misrepresenting a medical condition and fraudulently receiving sickness and accident benefits. Daniels filed a charge of discrimination with the Equal Employment Opportunity Commission. The EEOC investigated and denied Daniels' claim. Daniels was issued a notice of dismissal and right to sue, advising him that he had 90 days from receiving the notice to file a complaint.

On March 12, 2010, Daniels filed a complaint with this court alleging that U.S. Steel violated Title VII of the Civil Rights

Act of 1964 and the Americans With Disabilities Act, 42 U.S.C. §12101 *et seq*. In his complaint, Daniels alleges that he could not perform the requirements of his position because of a wrist injury and was not offered another position that would accommodate his condition. He further alleges that his religious beliefs were not accommodated because he was required to work on Sundays, even after he requested Sundays off.

U.S. Steel filed its answer on April 27, 2010, denying that it had committed any discriminatory acts against Daniels. Additionally, U.S. Steel raised two affirmative defenses, arguing that all employment actions taken against Daniels were performed in good faith and based upon non-discriminatory business practices.

On December 27, 2010, U.S. Steel served a set of Interrogatories, a Request for Admissions, and a Request for Production of Documents on Daniels. Copies of Federal Rules of Civil Procedure 33, 34, and 36 accompanied the discovery requests. Defense counsel advised Daniels that his responses were due within 30 days and that a failure to respond would result in the Request for Admissions being deemed admitted as a matter of law. Daniels' responses were due on or before January 29, 2011, but he never responded or sought an extension of time.

By failing to respond, Daniels admitted the following:

1. United States Steel Corporation provided a reasonable accommodation to Daniels' religious beliefs by allowing Daniels not to work on Sundays provided Daniels found another individual to work his shift.

2. Daniels' religious beliefs did not preclude him from asking anyone else to work Sundays.

3. Daniels never communicated to any representative of United States Steel Corporation that his religious beliefs precluded him from asking anyone else to work Sundays.

4. Daniels never filed any complaint or grievance against United States Steel Corporation as a result of a) working any Sunday shift in 2008; and b) requesting that another individual work his Sunday shift.

5. United States Steel Corporation did not discriminate against Daniels based on his religious beliefs.

6. Daniels' left wrist condition, in 2008, was a temporary injury or condition.

7. Daniels' left wrist condition, in 2008, did not prevent or severely restrict any major life activity.

8. Daniels' left wrist condition, in 2008, was not a disability.

9. No representative of United States Steel Corporation, in 2008, regarded Daniels as having a disability.

10. Daniels was terminated from United States Steel Corporation in November 2008, for mis-

representing a medical condition and for fraudulently receiving sickness and accident benefits.

11. Daniels was terminated for cause from United States Steel Corporation.

12. Daniels was not disciplined, discharged, or suffered any adverse employment action due to his failure to work on any scheduled Sunday shift.

13. Daniels was not terminated due to his religious beliefs.

14. Daniels was not terminated due to any alleged disability.

15. Daniels was not discriminated against due to his religious beliefs or due to his left wrist condition.

16. Daniels has no medical evidence or report which establishes his left wrist condition was permanent.

17. Daniels has no medical evidence or report which establishes that his left wrist condition prevents or severely restricts any major life activity.

U.S. Steel filed a motion for summary judgment on March 31, 2011, arguing that Daniels admitted essential elements which defeated his claim by failing to respond. U.S. Steel's motion was accompanied with the Local Rule 56.1(e) Notice, advising Daniels of the consequences of failing to respond. Daniels never filed a response, and the time to do so has passed.

Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Stephens v. Erickson,* 569 F.3d 779, 786 (7th Cir. 2009). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); *Stephens*, 569 F.3d at 786. A fact is material if it is outcome determinative under applicable law. There must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Stephens*, 569 F.3d at 786; *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

Summary judgment is inappropriate for determination of claims in which issues of intent, good faith, and other subjective feelings play dominant roles. *Ashman v. Barrows,* 438 F.3d 781, 784 (7th Cir. 2006). Upon review, the court does not evaluate the weight of the evidence, judge the credibility of wit-

5

nesses, or determine the ultimate truth of the matter; rather, the court will determine whether there exists a genuine issue of triable fact. *Wheeler*, 539 F.3d at 634 (*citing* *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511

See also *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-122 (2000) (setting out the standard for a directed verdict); *Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2553; *Stephens,* 569 F.3d at 786; *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); *Springer v. Durfling-*

6

*er,* 518 F.3d 479, 483 (7th Cir. 2008)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

"As a *pro se* litigant, [a] [p]laintiff is permitted a more lenient standard with respect to his pleadings than that imposed on a practicing attorney." ***Cintron v. St. Gobain Abbrassives, Inc.,*** 2004 WL 3142556, *1 (S.D. Ind. Nov. 18, 2004). Although the court recognizes that *pro se* litigants face special challenges that litigants represented by counsel do not, *pro se* litigants are not excused from following procedural rules simply because the "rules of procedure are based on the assumption that litigation is normally conducted by lawyers." ***Lee v. Wal-Mart Stores,*** 1994 WL 899240, *1 (N.D. Ind. Apr. 12, 1994). In ***Lee***, the district court held that

> [the Court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even-handed administration of the law."
>
> ***Lee***, 1994 WL 899240 at *1 (*quoting* ***Mohasco Corp. v. Silver***, 477 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980))

7

A defendant filing a motion for summary judgment must warn a *pro se* plaintiff of the consequences of failing to respond to the motion. *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); Local Rule 56.1(e). The notice must include a short statement informing the plaintiff that all factual assertions made by the defendant will be taken as true should the plaintiff fail to respond. *Timms*, 953 F.2d at 285; Local Rule 56.1(e). U.S. Steel served a proper *Timms* notice on Daniels, a *pro se* litigant, on December 27, 2010. Pursuant to Rule 56.1(a), Daniels had 28 days to respond. This period expired on January 24, 2011, without a response from Daniels. Daniels is not excused from following procedural rules and has waived his right to contest U.S. Steel's Motion for Summary Judgment. Despite Daniels' failure to respond, this court still must determine whether U.S. Steel is entitled to summary judgment as a matter of law.

Daniels' complaint alleges a violation of Title VII of the Civil Rights Act of 1964, as amended, and a violation of the Americans with Disabilities Act, 42 U.S.C. §12101. As set forth below, these claims are without merit.

Title VII of the Civil Rights Act of 1964 states that an employer acts unlawfully if it "fail[s] or refuse[s] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, condi-

tions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. §2000e-2(a)(1). This definition encompasses "all aspects of religious observance and practice, as well as belief." 42 U.S.C. §2000e(j). A plaintiff alleging religious discrimination under Title VII first must establish a prima facie case by proving three things: (1) his bona fide religious practices conflict with an employment requirement; (2) he brought the practice or observance to the employer's attention; and (3) an adverse employment action based on the religious practice occurred. *Anderson v. U.S.F. Logistics (IMC), Inc.*, 274 F.3d 470, 475 (7th Cir. 2001); *EEOC v. Ilona of Hungary, Inc.*, 108 F.3d 1569, 1575 (7th Cir. 1997). If the plaintiff establishes a prima facie case, the burden shifts to the defendant, requiring that it present evidence establishing either that it provided an appropriate accommodation to the employee which the employee refused, or that the employer would suffer an undue burden resulting from the proposed accommodation. *Wilburn v. Y.M.C.A. of Greater Indianapolis (Ransburg Branch),* 2007 WL 2752391, *6 (S.D. Ind. Sept. 18, 2007) (citations omitted). If the employer can show that it offered a reasonable accommodation, it has met its burden and summary judgment may be entered in its favor. *Wilson v. U.S. West Communications*, 58 F.3d 1337, 1340 (8th Cir. 1995).

By failing to respond to U.S. Steel's Request for Admissions, Daniels admitted facts defeating essential elements of his religious discrimination claim. Federal Rule of Civil Procedure 36(a) states that "[a] party may serve on any other party a written request to admit . . . facts, the application of law to fact, or opinions about either." If a fact or set of facts is requested to be admitted, the party served with the request must respond to the requesting party with a written answer or objection within 30 days of being served. The facts are deemed admitted if the non-requesting party fails to respond. Rule 36(a)(3). "[A]dmissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." ***United States v. Kasuboski***, 834 F.2d 1345, 1350 (7th Cir. 1987).

Daniels has the burden of proving three elements to successfully establish his religious discrimination claim. Although Daniels alleges that his work schedule required him to work on Sundays in conflict with his religion, by failing to respond to U.S. Steel's request for admissions, he admitted that he was not discriminated against because of his religion and that he did not file the appropriate grievance with U.S. Steel apprising them of the conflict between his work schedule and religious beliefs. In light of these admissions, Daniels cannot establish the second and third elements of a prima facie religious discrimination

case.  Furthermore, even if Daniels could make out a prima facie case, which he cannot, his admissions establish that U.S. Steel satisfied its burden and provided a reasonable accommodation by allowing him to take Sundays off, provided he found someone to cover his shift.  Because Daniels neither can satisfy his burden and make out a prima facie case nor prove that U.S. Steel did not satisfy its obligations by providing a reasonable accommodation, summary judgment must be granted in favor of U.S. Steel.

In addition to his Title VII complaint, Daniels also complained that he was terminated in violation of the Americans with Disabilities Act because of his wrist injury.  The ADA prohibits discrimination against an individual based upon his disability.  An individual claiming protection must show that he is "disabled."  42 U.S.C. §12112(a).  An individual is disabled within the meaning of the ADA when he suffers a physical or mental impairment that substantially limits one or more major life activities, has a record of such impairment, or is regarded as having such an impairment. 29 C.F.R. §1630.2.  Major life activities include activities that a person generally does on a daily basis, including but not limited to, "walking, seeing, hearing, speaking, breathing, learning, and working."  29 C.F.R. §1630.2(i).  The court must make an individualized analysis to determine whether an individual's impairments "substantially

limit" his "major life activities."  *E.E.O.C. v. Lee's Log Cabin, Inc.*, 546 F.3d 438, 442 (7th Cir. 2008).

Through his failure to respond to U.S. Steel's request for admissions, Daniels admitted that he was not discriminated against because of a disability, was not regarded as having a disability, and was not restricted in any major life activity. Because Daniels bears the burden of establishing that he was disabled, meaning that he could not perform a major life activity, his admission defeats his claim.  Daniels cannot make out a prima facie case under the ADA.  Summary judgment must be granted on this claim.

_____

Because Daniels admitted facts defeating his claims under Title VII and the ADA, the Motion for Summary Judgment filed by the defendant, United States Steel Corporation, on March 31, 2011, is **GRANTED.**

ENTERED this 11th day of October, 2011

                                               s/ ANDREW P. RODOVICH
                                                  United States Magistrate Judge