UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES C. DANIELS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CIVIL NO. 2:10 cv 118 |
| | ) |
| UNITED STATES STEEL; LOCAL 1014 | ) |
| UNITED STEELWORKERS OF AMERICA | ) |
| District 31, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 30] filed by the defendant, United Steelworkers Local 1014, on August 12, 2011. For the following reasons, the motion is **GRANTED.**

Background

James C. Daniels was employed by United States Steel Corporation and was a member of the United Steelworkers of America Local 1014. U.S. Steel accused Daniels of misrepresenting a medical condition and fraudulently receiving benefits. On October 30, 2008, U.S. Steel issued a Discipline Notice to Daniels, imposing an initial five day suspension and informing him that the suspension may be converted into a discharge. In accordance with the collective bargaining agreement, an 8-B hearing was scheduled for November 13, 2008. Daniels contacted

his Grievance Committee representative and informed him that he would not participate in the 8-B hearing.  On November 14, 2008, U.S. Steel sent Daniels a Notification of Discipline Status and informed Daniels that his suspension had been converted to discharge for misrepresenting his medical condition and fraudulently receiving benefits.

Daniels proceeded to file a charge of discrimination with the Equal Employment Opportunity Commission, alleging he was discriminated against on the basis of his disability and religion.  The charge filed with the EEOC named only U.S. Steel.  The EEOC investigated and denied Daniels' claim.  Daniels was issued a notice of dismissal and right to sue, advising him that he had 90 days from receiving the notice to file a complaint with the appropriate court.

On March 12, 2010, Daniels filed a complaint with this court alleging that U.S. Steel and Local 1014 violated his rights under Title VII of the Civil Rights Act of 1964 and the Americans With Disabilities Act, 42 U.S.C. §12101 *et seq*.  In his complaint, Daniels alleges that he could not perform the requirements of his position because of a wrist injury and was not offered another position that would accommodate his condition.  He further alleges that his religious beliefs were not accommodated because he was required to work on Sundays, even after he requested

Sundays off. Daniels complains that Local 1014 failed to represent him on this and other occasions.

Local 1041 filed a motion for summary judgment on August 12, 2011, arguing that Daniels did not satisfy the procedural prerequisites by filing a charge of discrimination against Local 1014 with the EEOC, and that, alternatively, Daniels cannot establish that Local 1014 discriminated against him because of any actual or perceived liability. Local 1014's motion was accompanied with the Local Rule 56.1(e) Notice, advising Daniels of the consequences of failing to respond. Daniels never filed a response, and the time to do so has passed.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Stephens v. Erickson,* 569 F.3d 779, 786 (7th Cir. 2009). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); *Stephens*, 569 F.3d at

786. A fact is material if it is outcome determinative under applicable law. There must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Stephens*, 569 F.3d at 786; *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

Summary judgment is inappropriate for determination of claims in which issues of intent, good faith, and other subjective feelings play dominant roles. *Ashman v. Barrows,* 438 F.3d 781, 784 (7th Cir. 2006). Upon review, the court does not evaluate the weight of the evidence, judge the credibility of witnesses, or determine the ultimate truth of the matter; rather, the court will determine whether there exists a genuine issue of triable fact. *Wheeler*, 539 F.3d at 634 (*citing Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

4

> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511

See also *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-122 (2000) (setting out the standard for a directed verdict); *Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2553; *Stephens,* 569 F.3d at 786; *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); *Springer v. Durflinger,* 518 F.3d 479, 483 (7th Cir. 2008)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

"As a *pro se* litigant, [a] [p]laintiff is permitted a more lenient standard with respect to his pleadings than that imposed on a practicing attorney." *Cintron v. St. Gobain Abbrassives, Inc.*, 2004 WL 3142556, *1 (S.D. Ind. Nov. 18, 2004). Although the court recognizes that *pro se* litigants face special challenges that litigants represented by counsel do not, *pro se* litigants are not excused from following procedural rules, and the substantive law will not be ignored because of the plain-

5

tiff's *pro se* status. **Lee v. Wal-Mart Stores**, 1994 WL 899240, *1 (N.D. Ind. Apr. 12, 1994); **Cintron**, 2004 WL 3142556 at *1. A defendant filing a motion for summary judgment must warn a *pro se* plaintiff of the consequences of failing to respond to the motion. **Timms v. Frank,** 953 F.2d 281, 285 (7th Cir. 1992); Local Rule 56.1(e). The notice must include a short statement informing the plaintiff that all factual assertions made by the defendant will be taken as true should the plaintiff fail to respond and include a copy of Rule 56. **Timms,** 953 F.2d at 285; Local Rule 56.1(e). Local 1014 sent Daniels the requisite notice, but Daniels did not respond. Local 1014's motion is now ripe for decision.

Daniels' complaint alleges a violation of Title VII of the Civil Rights Act of 1964, as amended, and a violation of the Americans with Disabilities Act, 42 U.S.C. §12101. As a prerequisite to filing a claim for discrimination under Title VII and the ADA, the plaintiff first must submit a charge of discrimination with the Equal Employment Opportunity Commission. 42 U.S.C. §2000e-5; **Elliott v. Dedelow**, 115 Fed. Appx. 881, 883 (7th Cir. 2004) (explaining that plaintiff must file a charge with EEOC before filing a complaint with the court alleging violations of the ADA); **Perkins v. Silverstein**, 939 F.2d 463, 469-70 (7th Cir. 1991) (explaining that plaintiff must file a charge with EEOC

6

before filing a complaint with the court alleging violations of Title VII). Then the EEOC either will choose to pursue the claim on the plaintiff's behalf or will issue a Dismissal and Notice of Right to Sue. 42 U.S.C. §2000e—5. If the EEOC dismisses the claim, the plaintiff has 90 days from receipt of the Notice to file a complaint with the appropriate court. 42 U.S.C. §2000e—5.

Although Daniels followed the proper procedure and filed a charge of discrimination against U.S. Steel with the EEOC, the record is devoid of any evidence that he filed the requisite charge against Local 1014. Ordinarily, a civil action may not be filed against a party who was not named in the EEOC charge. 42 U.S.C. §20003-5(f)(1); **Urlacher v. Tuesday Morning,** 1990 WL 37675, *1 (N.D. Ill. March 19, 1990)(citing **Le Beau v. Libby-Owens—Ford Co.**, 484 F.2d 798, 799 (7th Cir. 1973)). This is because the charge serves the important purposes of notifying the party of the charges against it and allows the EEOC to effectuate its goal of voluntary compliance. **Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130**, 657 F.2d 890, 905 (7th Cir. 1981) (citing **Bowe v. Colgate-Palmolive Co.**, 416 F.2d 711, 719 (7th Cir. 1969)). However, the Seventh Circuit has carved out an exception and allows cases to proceed where the plaintiff gave the unnamed party notice of the charge and the party had an

opportunity to participate in conciliation proceedings. *Eggleston*, 657 F.2d at 905.

A four prong test has been adopted to determine whether a party who was not named in the EEOC charge may be sued under Title VII or the ADA. The factors include:

> (1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint.
>
> (2) Whether, under the circumstances, the interests of a named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings.
>
> (3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party.
>
> (4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Eggleston*, 657 F.2d at 908

The factors must be weighed together, and none of the factors alone is determinative. *Eggleston*, 657 F.2d at 908.

The failure to name a party in the EEOC charge does not deprive the court of jurisdiction. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126–27 (7th Cir. 1989). "Rather, it is analogous to a statute of limitations that is subject to waiver, estoppel, and equitable tolling." *Urlacher*, 1990 WL

37675 at *2. Because the plaintiff has the burden of establishing an exception to the statute of limitations, the plaintiff also has the burden of proving that his failure to name a party in the EEOC charge does not deprive him of the right to name the party in his complaint. *Urlacher*, 1990 WL 37675 at *2 (*citing* *Knox v. Cook County Sheriff's Police Dept.*, 866 F.2d 905, 907 (7th Cir. 1988)).

Courts generally consider the degree of shared interests between the named and unnamed parties. For example, courts have determined that high ranking officers within an organization were properly notified of a charge against them naming only the company, although lower level employees were not. *Talley v. Leo J. Shapiro & Assocs., Inc.*, 713 F.Supp. 254, 259 (N.D. Ill. 1989) (finding that the interests of the corporate officers were substantially similar to the company's so that the unnamed officers had notice of the discrimination charges). In a similar matter, the Southern District of New York determined that there was "no substantial identity between unions and defendant city which had been named in EEOC charge", and would not allow the charge to proceed against the unnamed union. *American Federation of State, County and Municipal Employees v. City of New York*, 599 F.Supp. 916, 921 (S.D.N.Y. 1984). The court explained that although the union may have been involved in the EEOC investigation, its

9

involvement was limited to aiding the plaintiffs and did not place the union on notice of the plaintiffs' potential claims against the union. *American Federation*, 599 F.Supp. at 921. The Seventh Circuit, although it did not engage in such a thorough analysis, similarly found that an unnamed union did not have the type of relationship with the company to put it on notice of the potential charges of discrimination. *Bowe*, 416 F.2d at 719. The court concluded that the union was not adequately apprised of the potential claims and would not allow the charges to proceed. *Bowe,* 416 F.2d at 719.

Local 1014 was not named in Daniels' EEOC charge, and Daniels, who carries the burden of proof, has made no effort to prove that his failure to name Local 1014 does not deprive him of the right to pursue a claim against Local 1014. Although Local 1014 may have been aware of the EEOC charge filed against U.S. Steel, and even may have participated in the EEOC's investigation, this does not give rise to constructive knowledge. *See American Federation*, 599 F.Supp. at 921. The alleged acts of discrimination committed by U.S. Steel and Local 1014 arise from separate and distinct events. Daniels' allegations that U.S. Steel discriminated against him on the basis of his disability and religion when assigning positions and terminating his employment are distinct from his allegation that Local 1014 denied

representation based on the same characteristics.  Furthermore, Daniels has not demonstrated that there was a substantial relationship between Local 1014 and U.S. Steel to give rise to constructive notice.  The relationship between a company and its union generally does not lend itself to the type of substantial relationship necessary to support a finding that the unnamed party was on notice.

The absence of notice and lack of opportunity to resolve the dispute through the EEOC prejudices Local 1014 and deprives it of the safeguards imposed by the administrative process.  Daniels has failed to show that Local 1014 was apprised of Daniels' charge of discrimination and that he should be permitted to proceed against the unnamed union.  Therefore, Local 1014's Motion for Summary Judgment [DE 30] is **GRANTED** with respect to Daniels' claims for discrimination.

Daniels' complaints against the union more closely resonate as a breach of the union's duty to provide fair representation. Section 301 of the Labor Relations Management Act provides a cause of action for a union member to seek relief in federal court when his union breaches its duty to represent him fairly. *Truhlar v. U.S. Postal Service*, 600 F.3d 888, 892 (7th Cir. 2010) (*citing* *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983)).  To

11

succeed, the union member must show both that the union breached its duty to represent him and that the company breached the collective bargaining agreement. *Truhlar*, 600 F.3d at 892. A union breaches its duty to represent its members fairly when its actions are arbitrary, discriminatory, or in bad faith. *Truhlar*, 600 F.3d at 892; *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 369 (7th Cir. 2003). "Whether or not a union's actions are discriminatory or taken in bad faith calls for a subjective inquiry and requires proof that the union acted (or failed to act) due to an improper motive." *Neal,* 349 F.3d at 369.

The aggrieved union member must submit evidentiary support. A mere allegation that the union failed to represent him on occasion will not survive summary judgment. *See Neal*, 349 F.3d at 369 (granting summary judgment because the plaintiff failed to submit evidence that the union's actions were arbitrary, discriminatory, or taken in bad faith). When determining whether a union's actions were arbitrary, the court must make an objective inquiry. *Neal*, 349 F.3d at 369. "A union's actions are arbitrary only if the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Truhlar,* 600 F.3d at 892; *Neal*, 349 F.3d at 369 (*citing Filippo v. Northern Indiana Public Service Corp.*, 141 F.3d 744, 749 (7th Cir. 1998)). This is an extremely deferential standard, requiring the plaintiff to

prove more than mere negligence on behalf of the union. ***Neal,*** 349 F.3d at 369. "Insofar as grievances are concerned, 'a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion.'" ***Neal***, 349 F.3d at 369. *See **Truhlar***, 600 F.3d at 893 ("Although it is true that the union's duty requires some minimal investigation into a member's grievance, only an investigation that reflects 'an egregious disregard for union members' rights constitutes a breach of the union's duty.'") (*citing **Garcia v. Zenith Electronics Corp.***, 58 F.3d 1171, 1176 (7th Cir. 1995)). "[B]ut the thoroughness of this investigation depends on the particular case, and 'only an egregious disregard for the union members' rights constitutes a breach of the union's duty.'" ***Neal***, 349 F.3d at 369 (*citing **Garcia***, 58 F.3d at 1176).

Daniels has not submitted any evidence that Local 1014 addressed grievances and arbitrated claims in a discriminatory, negligent, or arbitrary manner. The record does not reflect that Local 1014 chose to arbitrate some claims at the expense of others or that the union disregarded even one grievance. Although Daniels alleges that the union failed to represent him on this and numerous other occasions, he has not cited to one instance where the union failed to act on his behalf. After Daniels received his notice of suspension, the union scheduled an

13

8-B hearing in an effort to resolve the dispute.  However, Daniels chose not to participate in the hearing.  The union acted as it was required and pursued Daniels' claim.  It can hardly be said that the union failed to fairly represent Daniels when it was Daniels' own failure to participate that prevented resolution.

_____

Daniels has failed to show that the union either discriminated against him or breached its duty to represent him in his grievances against U.S. Steel.  Based on the foregoing, the Motion for Summary Judgment [DE 30] filed by the defendant, United Steelworkers Local 1014, on August 12, 2011, is **GRANTED.**

ENTERED this 17th day of November, 2011

s/ ANDREW P. RODOVICH
United States Magistrate Judge